*Wm. R. Smith* for plaintiff.

MYERS
*vs*
SMITH.

---

## .Myers *vs* Smith.

APPEAL FROM THE PENDLETON CIRCUIT.

*Ejectment. Costs. Service of common order.*

JUDGE BRECK delivered the opinion of the Court.

THE record does not contain the requisite evidence of the service of the common order upon the tenant in possession. The only return upon it is, "Executed, Thos. J. Holton." There is nothing in the record showing or indicating that he was Sheriff or otherwise authorized to serve process. In the absence of *all* proof of authority, the presumption cannot be indulged that he possessed it. But even if it appeared that the common order had been duly served upon Myers, it would have been irregular and erroneous to have rendered judgment against him, and for

EJECTMENT.

*Case* 68.

*April* 12.

The return of *service* of a common order in ejectment, must appear to have been by an officer of the law.

costs, by default. Under the statute of 1800, (*Stat. Law,* 583,) the plaintiff is authorized to declare, in his proper name, and'against the defendant in his proper name; but the proceeding in this case is not under that act, John Doe and Richard Roe stand upon the record as plaintiff and defendant. The tenant in possession is not a defendant until he appears, enters into the consent rule, and by the order of the Court, is made a defendant.

'The tenant in possession is not liable for costs until he has been admitted defendant by order of Court.

Upon the service of the common order and the failure of the tenant or other proper person, to appear and enter as defendant, the judgment should be rendered against the casual ejector, Richard Roe: such was certainly the original practice, and we are not disposed to depart from it, where the proceeding is commenced in the name of the fictitious persons, John Doe and Richard Roe.

The judgment is reversed and the cause remanded for further proceedings, not inconsistent with this opinion.

*Trimble* for appellant: *Curry* for appellee.